900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph MACHADO, Defendant-Appellant.
 No. 89-6043.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Ralph Machado, appeals his sentence for aiding and abetting the possession with the intent to distribute nine ounces of cocaine, claiming that at the sentencing hearing, the district court erred in determining the amount of drugs he possessed. Because the district court's factual findings were not clearly erroneous, we affirm the sentence imposed.
 
 I.
 
 2
 The defendant, Ralph Machado, and two other individuals, Ernesto Aguiar Paez and Benjamin Marshall, were indicted on December 13, 1988 by a federal grand jury for aiding and abetting each other in the unlawful possession with the intent to distribute approximately nine ounces of cocaine on November 27, 1988 in violation of 21 U.S.C. Secs. 841(a)(1) and 2. At the time of the arrest, Machado was seated in the rear seat of the car and the other two defendants were seated in the front seat of the car. Immediately after their arrest, officers recovered nine ounces of cocaine from the car. Machado subsequently pled guilty to the charge in the indictment, reserving the right to challenge the amount of cocaine for which he was alleged to have been responsible. The other two defendants also pled guilty. At the sentencing hearing, the district court judge determined that Machado aided and abetted the possession of all nine ounces of cocaine as charged in the indictment and sentenced the defendant to thirty-eight months in prison plus three years of supervised release.
 
 II.
 
 3
 Machado contends that he made arrangements to sell only one ounce of cocaine to the officer and that the other eight ounces were a part of the other co-defendants' separate schemes to distribute the remaining cocaine. In reviewing the district court's findings of fact for sentencing purposes, this court accepts the facts as found by the district court unless they are clearly erroneous. United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989). The government is required to prove these facts by only a preponderance of the evidence, United States v. Silverman, 889 F.2d 1531, 1535 (6th Cir.1989), and the district court may hear virtually any evidence as long as it has " 'sufficient indicia of reliability to support its probable accuracy'." U.S.S.G. Sec. 6A1.3, comment. (citations omitted). At the sentencing hearing, there was testimony that Machado had previously sold cocaine to an informant, that Machado stored the cocaine with Marshall, that on the day of his arrest, he ordered Marshall to take the box of cocaine to the car, and officers recovered nine ounces of cocaine from the box in the car. After a thorough review of the record in this case, we find that the district court's conclusion that Machado aided and abetted the possession with the intent to distribute all nine ounces was not clearly erroneous. Accordingly, we AFFIRM the sentence imposed by the district court.